CLERK, U.S. DISTRICT COURT
OCT 23 2023
CENTRAL DISTRICT OF CALIFORNIA
BY [illegible] DEPUTY

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (*under which you were convicted*): MICHAEL RIVERA DELGADO | | Docket or Case No.: **8:23-cv-01995-DOC** |
| Place of Confinement: FCI VICTORVILLE MEDIUM-I | Prisoner No.: #78843-112 | **8:19-cr-00167-DOC-5** |
| UNITED STATES OF AMERICA | V. | Movant (*include name under which convicted*) MICHAEL RIVERA DELGADO |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   (b) Criminal docket or case number (if you know): U.S. v. DELGADO, 21-50059(CTA9)

2. (a) Date of the judgment of conviction (if you know): ______

   (b) Date of sentencing: ______

3. Length of sentence: 110 Months

4. Nature of crime (all counts):
   18 U.S.C.§922(a)(1)(A),2(a) Business Dealing in Firearm Without a License
   18 U.S.C.§922(g)(1) Felon In Possession of A Firearm

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction? Yes [X] No [ ]

9. If you did appeal, answer the following:

(a) Name of court: Ninth Circut (9th) Court of Appeals

(b) Docket or case number (if you know): 21-50059(CTA9)

(c) Result: Appeal Denied

(d) Date of result (if you know): February 28, 2022

(e) Citation to the case (if you know): Unknown

(f) Grounds raised: Is California Penal Code Section §422 of violence despite it not requiring The Use or Threatened Use of Physical Force.

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes [X] No [ ]

If "Yes," answer the following:

(1) Docket or case number (if you know): #21-8051

(2) Result: Writ Of CERTIORARI DENIED

(3) Date of result (if you know): November 7, 2022

(4) Citation to the case (if you know): Unknown

(5) Grounds raised:

Can a Crime, which does not, as an Element, require The Use or Threatened Use of Physical Force, Qualify As A Crime of Violence For Federal Sentencing Purposes.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes [ ] No [X]

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☒

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket of case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: N/A

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Movant Rivera-Delgado was deprived of the Effective Assistance of Counsel during the preparation stage of the Criminal Proceeding. His Attorney Benjamin Lechman failed to Investigate Critical Issues in the Case. Counsels failures rendered Mr.Delgado's trial fundamentally unreliable because Counsel's conduct deprived Mr. Delgado of his Due Process Right

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On august 28, 2019, Movant Rivera-Delgado oversaw the transaction and sale of a weapon at his place of employment. On August 29, 2019, Movant Delgado oversaw the tranaction and sale of a weapon at his place of employment. On October 2, 2019, a Grand Jury returned an indictment against Movant Delgado and other Co-Defendants for 18 U.S.C. §922(a)(1)(A); 18 U.S.C. §371 Conspiracy; and 18 U.S.C. §922(g)(1) Felon in Possession of Firearms and Ammunition, In and Affecting Interstate and Foreign Commerece. On October 5, 2020, a Plea Agreement was agreed to and signed by Movant Delgado. On October 13, 2020, a Change of Plea was entered as to Counts two and Count Nine of the Indictment 18 U.S.C. §922(a)(1)(A) Engaging in The Business of Dealing Firearms Without a License and Count Nine, 18 U.S.C. §922(g)(1) Felon In Possession of A Firearm and Ammunition. On March 15, 2021, Movant Delgado was Adjudged Guilty and Sentenced to a Term of 110 Months in Prison followed by a term of 3 years of Supervised Release. At All times during the two occassions when the Firearms were present around Movant Delgado Movant Delgado Never physically possessed, Handled or had any actual Dominion or Control over said firearms. Movant Delgado only over saw the transaction of the Firearms at his place of employment. Due to this

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

DEPRIVED OF EFFECTIVE COUNSEL

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐ N/A

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

GROUND ONE CONTINUED

To present Critical Defense Evidence at trial.

GROUND ON SUPPORTING FACTS CONTINUED:

Being Movant Rivera-Delgado's place of Employment he was under the direction at All times of someone else at All times during the sale of these Firearms and acting at All times as the Middleman in these transactions at all times in the case herein.

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [ ] N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ] No [ ] N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know):

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Movant Delgado argues that his Trial and Appellate Counsel provided him with Ineffective Assistance of Counsel during his Trial and direct Appeal Proceedings by Omitting several Meritorious Claims and other errors Rendered In Violation of his Sixth Amendment Right to the U.S.Constitution in the Case Herein.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On September 2019, Movant Rivera-Delgado was arrested on the following charges of: 18 U.S.C. 371 Consiracy; 18 U.S.C. §922(a)(1)(A) Dealing in the Firearms without a License and 18 U.S.C. 922(g)(1) Felon in Possession of a Firearm. On October 2, 2019. a Grand Jury returned an Indictment against Movant Rivera-Delgado and others for the above Charges. On october 5, 2020, a Plea agreement was agreed to and signed by Movant Delgado. On October 13, 2020, a Change of Plea was entered as to Count two and Count Nine of the Indictment. At the time of this charge in December 14, 2016, Movant Delgado went to check on his son at his Son's mother's house (his Grandparents house) and observed his son playing outside by himself. Movant then observed his son's mother New Husband and asked him to approach his passenger side window of the vehicle that he was driving. At that time Movant asked the wife's new husband what was up with the adoption papers that was sent to the house? At that time the Husband stated to Movant "that it's not me it's his mom that wants me to adopt his son". At that time time Movant stated to him "that he was not going to let that happen, I don't want to see anymore adoption papers".

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [X]

GROUND 2 SUPPORTING FACTS CONTINUED:

At that time Movant Delgado then left the house after speaking to and checking on his son in fornt of the house, At that time The Husband went back into the house and told Movant's son mother what had happend and what was said between the two men. At the time after the conversation Movant'Delgado sons mother then called law enforcement and stated that I had Threatened him by stating that "if I seen anymore adoption papers I was going to kill him" At ALL times during this time and conversation Movant Delgado never once threatened him or said anything of that nature. Movant Delgado then went to see his Probation Officer on a regular scheduled visit and was taken into custody and was also charged with a Criminal Threat along with the Probation ViolationAt the Court

and Violation Hearing Movant Delgado went on and signed the Adoption papers in order for his son to be adopted. Movant Belgado served some County Jail time and was released to Continue on Probation.

(2) If you did not raise this issue in your direct appeal, explain why:

DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** Movant Rivera-Delgado was deprived of the Effective Assistance Of Counsel during the Preparation, Trial, Plea and Appeal Proceedings.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On August 28, 2019, Movant Rivera-Delgado oversaw the transaction and sale of a weapon at his place of work. On August 29, 2019, Movant Rivera-Delgado oversaw the transaction and sake of a weapon at his place of employment. On October 2, 2019, A Grand Jury Returned an Indictment against Movant Petitioner Rivera-Delgado and other Co-Defendants for 18 U.S.C. §371; Conspiracy; 18 U.S.C. §922(a)(1)(A) Engaging in the Business of Dealing In Firearms without a License; 18 U.S.C. §922(g)(1) Felon In Possession of Firearms and Ammunition, in and Affecting Interstate Commerce. On October 5, 2020, a Plea Agreement was agreed to and Signed by Movant Rivera-Delgado. On October 13, 2020, A Change of Plea was Entered as to Counts 2 and Count 9 of the Indictment charging 18 U.S.C. §922(g)(1) Felon In Possession Of a Firearm and Ammunition and 18 U.S.C. §922(a)(1)(A) Dealing in Firearms without a License. On March 15, 2021, movant Rivera-Delgado was adjudged Guilty and Sentenced to A term of 110 Months Followed by a Term of Three years of Supervised Release. Movant Rivera-Delgado was told to Plead Guilty to the above charges by his then

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Deprived of Effective Counsel

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐ N/A

GROUND THREE CONTINUED

Attorney Benjamin p. Lechman failed to conduct an adequate Investigation of Critical Issues and omitting several Meritorious Claims amongst other errors. Counsel's Failures Rendered Movant's Trial, Plea, Sentence and Appeal Fundamentally Unreliable. Counsel's action and conduct deprived Movant Rivera-Delgado of his Sixth amendment and Due Process Rights to the U.S. Constitution to present an Adversary and Critical Defense Evidence at the Trial Prepaaration, Plea, Sentence and appeal in regards to the Case Herein.

GROUND THREE SUPPORTING FACTS CONTINUED

Attorney Benjamin P. Lechman, in which unknowing to Movant Rivera-Delgado unwilling and Involuntaryily Plead Guilty to the above charges. On June 21, 2019 The United staes supreme Court issued it's ruling in **REHAIF**. Movant/Petitioner Rivera-Delgado did not enter into any Plea agreement until October 5, 2020, and a Change of Plea on October 13, 2020. If Attorney Benjamin P. Lechman would have conducted any background or any type of Legal Investigation he would have know about Movant Rivera-Delgado's prior convictions and Case law regarding **REHAIF** as well as any and all relevant case law to the 18 U.S.C. §922(g)(1) Charge. As such Movant Rivera-Delgado is innocent of the 18 U.S.C. §922(g)(1) Charge. It is the Responsibility of Defense Counsel to Evaluate **ALL POSSIBLE DEFENSES** and this was simply not done in this case. Movant Rivera-Delgado requests an Evidentiary Hearing regarding his claims as to hold otherwise would continue to deprive Movant Rivera-Delgado of an opportunity to assert his Sixth Amendment and Due Process Rights to Counsel and litigat his 18 U.S.C. §922(g)(1) where he accepted the Plea in reliance on Counsels Delinquent and Inadequate Investigation.

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐ N/A

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐ N/A

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐ N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

DEPRIVED OF EFFECTIVE COUNSEL

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes [ ] No [X]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

No Preliminary Hearing was Held

(b) At the arraignment and plea:

BENJAMIN P. LECHMAN 11400 West Olympic Blvd. Suite #200 Los Angeles, Ca. 90064

(c) At the trial:

Same As Above

(d) At sentencing:

same As Above

(e) On appeal:

Benjamin P. Lechman 11400 Olympic Blvd. Suite #200 Los Angeles, Ca. 90064

(f) In any post-conviction proceeding:

None

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes [ ] No [X]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [X]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [ ] No [XX]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Movant Delgao asserts that the Ninth Circut Court of Appeal Denied his Direct Appeal on February 28, 2022 and the U.S. Supreme Court reviewed and Denied his WRIT OF CERTIORARI on November 7, 2022 and Movant Delgado has until November 7, 2023, to File his 2255 Motion To Vacate, Set Aside, or Correct A Sentence By a Person In Federal Custody. And his 2255 Motion To Vacate is being Timely Filed in the Case Herein.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:
That a EVIDENTUARY HEARING be Held IN MOVANT'S CASE AT THE LEAST OR AT MOST ISSUE A WRIT OF HABEAS CORPUS AND VACATE His Sentence AS TO The 922(g)(1) CONVICTION
or any other relief to which movant may be entitled.

IN Pro Se
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on October 7, 2023 (month, date, year)

Executed (signed) on October 7, 2023 (date)

[signature]
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

# CERTIFICATE OF SERVICE

I, MICHAEL DELGADO hereby certify that I have served a true and correct copy of the following: A 2255 MOTION TO VACATE, SET ASIDE OR CORRECT A sentence by A PERSON IN FEDERAL CUSTODY

Which is deemed filed at the time it was delivered to prison authorities for forwarding, **HOUSTON V. LACK**, 101 L. Ed. 2d 245 (1988), upon the defendant/defendants and or his attorney/attorneys of record, by placing same in a sealed, postage prepaid envelope addressed to: RONALD REAGAN FEDERAL Bldg: U.S. COURTHOUSE 411 WEST FOURTH STREET, ROOM 1-053 SANTA, ANA CA. 92701

**and deposited same in the United States Mail** at the Federal Correctional Institution,

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the foregoing is true and correct.

Dated this 7 day of OCTOBER ,20 .

[signature]

MICHAEL RIVERA-DELGADO

## FACTUAL BACKGROUND

On September 2019, Movant Delgado was arested on the following charges. 18 U.S.C. §371 Conspiracy; 18 U.S.C. §922(a)(1)(A) Dealing In Firearms Without a Licnse; 18 U.S.C. §922(g)(1) Felon in Possession of A Firearm and Ammunition In and Affecting Interstate and Foregin Commerce.

On October 2, 2019, A Grand Jury Returned an Indictment with the above charges against Movant Delgado and several other Co-defendants.

On October 5, 2020, A Plea Agreement was entered into as to Count Two and Count Nine of the Indictment Regarding Movant Delgado.

On October 13, 2020, A Change of Plea was entered as ro Count Two Dealing in Firearms Without a license and to Count Nine 18 U.S.C. §922(g)(1) Felon In Possession Of a Firearm and Ammunition in and Affecting Commerce.

On March 15, 2021, Movant Delgado was adjudged Guilty and Sentenced to a Term of 110 Months In Prison followed by a Term of Three Years of Supervised Release.

As part of an undercover investigation, in 2019, a confidential informant working with Law Enforcement and Co-defendant Pedro Villabobos exchanged a series of text messages and phone calls that untimately arranged for the purschase of two firearms from Mr. Deldago at Pharos Ink Tattoo shop, Mr. Delgado's place of employment, in Santa Ana, California. Mr. Delgado is a Tattoo Artist.

Mr. Delgado's involvement was limited to overseeing the selling of firearms to an undercover agent in transactions primarily brokered by Pedro Villalobos. The brains behind this operation was Pedro Villalobos; he ran the business and gave Mr. Delgado instructions on who to let take the firearms. Mr. Delgado's role at ALL times was the middleman, and subservient to Mr. Villalobos.

On October 2, 2019, Mr. Delgado was charged in an Indictment with cinspiring to (Count One) and engaging in (Count Two), the business of dealing in Firearms without a License, in Violation of 18 U.S.C. §99(a)(1)(A),2(a). He was also charged in (Counts Six and Nine) with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1).

On October 13, 2020, pursuant to a written plea agreemwnt, Mr. Delgado agreed to plead Guilty to counts two and nine of the Indictment, charging the above substantive offenses. As part of his plea agreement, Mr. Delgado agree that he or his Co-defendants had sold approximately 15 Firearms. As part of that stipulation and plea agreement, Mr Delgado agreed that his personal involvement was five firearms.

The remaining charges of the Indictment were dismissed at sentencing.

AFFIDAVIT OF MICHAEL RIVERA-DELGADO

My affidavit is being submitted to support my Pro Se 2255 Motion to Vacate, Set Aside or Correct a Sentence by a person in Federal Custody, thus, if called to testify at an Evidentiary Hearing, I will Testify in accordance with my Statements herein:

1) I, Michael Rivera-Delgado, state that regarding Ground One, My ex-Attorney Benjamin P. Lechman, provided me with Ineffective Assistance of Counsel by failing to fully and adequately explain the charges that I faced the elements. and the consequences of pleading Guilty to 18 U.S.C. §922(g)(1) and 18 U.S.C. §922(a)(1)(A) thereby making my Plea unknowing and Involurtary.

A). Due to All of the delays in my Trial I had become frustrated with the U. S. Judicial Process and eventhough I really wanted to proceed to trial after speaking to Trial Counsel regarding expediting my case, thus, at that point Attorney Benjamin P. Lechman advised me that a plea could proceed promptly in my case without fully explaining the elements of each count, or whether I actually possessed any firearms and for failing to explain all of the consequences and enhancements of pleading Guilty. Therefore providing me with erroneous and deficient advice thereby making my plea, unknowing and involuntary. The failure of my ex Attorney to explain the Plea and conduct an adequate Investigation constituted deficient performance causing Movant Rivera-Delgado case to be prejudicial which satisfies the first and second prong of the **STRICKLAND** Test. Actual prejudice exists as there is a reasonable probability that absent my trial counsel's deficient performance, I would not have pleaded guilty and insisted on proceeding to a Jury Trial, thus, my decision to waive my Seventh Amendment Right to a Jury Trial was the product of Ineffective Assistance of Counsel in violation of my Sixth Amendment Rights of the U.S. Constitution.

2). I, Michael rivera-Delgado, asserts that regarding Ground Two, thus, my defense counsel Benjamin P. Larchman provided me with deficient performance by failing to conduct an adequate investigation and look into my prior California Penal Code section §422 charge and see that I was Sentenced to the County Jail and not State prison and served less than 1 year in County Jail. My defense counsel Attorney Benjamin P. Lechman, provided me with 'deficient performance' by failing to conduct an adquate and reasonable investigation into my background and prior charge thereby causing me to suffer an enhancement on my prison sentence. Actual prejudice exists as there is a reasonable probability that absent my trial counsel's 'deficient performance', I would not have accepted the plea and proceeded to trial, thus, my decision to waive my Seventh Amendment Right to a Jury Trial as the product of Ineffective Assistance of Counsel in violation of my Sixth Amendment Rights to the U.S. Constitution.

3). I, Michael Rivera-Delgado state that regarding GROUND THREE, thus, my trial counsel Benjamin P. Lechman, provided me with Inaeffective Assistance of Counsel by committing several "unprofessional errors" as follows:

**A).** Failing to fully and adequately explain the available options to me and the elements of each charge and my personal involvement with the case and disparity with the Plea Agreement versus proceeding to trial. If I would have understood that I had to actually posses the firearm instead of overseeing the transactions I would have went to trial and had the U.S. Attorney's prove that I engaged in unlawful conduct as is required for the conviction of §922(g)(1).

**B).** Trial counsel failed to explain to me that proceeding to trial the U.S, Attorney would have to prove each and all of the elements of the charged conduct. Whether a criminal statute requires the Government to prove that the defendant acted knowingly is a question of congressional intent. This inquiry starts from a longstanding presumption that Congress intends to require a defendant to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct. Attorney Benjamin P. Lechman provided me with 'deficient performance' by failing to fully and adequately explain my available options regarding my sentencing exposure in which establishes the first prong of the **STRICKLAND Test.**

4). Criminal law generally seeks to punish conscious wrongdoing. Thus, when interpreting criminal statutes, the Court "start[s] from longstanding presumption... that Congress intends to require a defendant to posessess a culpable mental state. **REHAIF v. UNITED STATES**, 588 U.S., 139 S. Ct. 2191, 204 L. Ed. 2d 594. This cupable mental state, known as scienter, refers to the degree of knowledge necessary to make a person criminally responsible for his or her acts. The presumption of scienter applies even when a statute does not include a scienter provision, and when a statute does "includ[e] a general scienter provision." "the presumption applies with equal or greater force" to the of that provision. The Court has accordingly held that a word such as "knowingly" modifies not only the words directly following it, but also those other statutory terms that "separate wrongful from innocent acts.

Here, §922(g)(1) contains a general scienter provision "knowingly or intentionally." And in §922(g)(1) prosecutions, authorization plays a critical role in separating innocent conducr from wrongful conduct.

It is well-settled that trial counsel must engage in a reasonable amount of pretrial investigation, and at a minimum...interview potential witnesses and... make an independent investigation of the facts and circumstances of the case. Had counsel investigated his case the outcome would have been surely different. Counsel has a duty to make reasonable investigations or to make a reasonable decision that

makes particular investigations unneccessary, **STRICKLAND,** 466 U.S. at 694 Counsel's investigatiónes, advice and errors innfected Movant Rivera-Delgado trial so much with unfairness as to make the resulting conviction a denial of Due Process. To constitute a denial of Due Process, the acts (as here) complained of must be of such character as necessarily prevent a fair trial.

Secondly there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedig would have been different. A reasonable probability is a probability is a probality sufficient to undermine confidence in the outcome of the proceeding.

I, Michael Rivera-Delgado, declare and verify that under the penalty pursuant to 28 U.S.C. §1746(1), and under the laws of the United States of America that my above statement is true and correct to the best of my knowledge.

Respectfully Submitted,

Executed on October 7, 2023

MICHAEL RIVERA-DELGADO #78843-112
AL-203
FCI Victorville Medium-I
P.O. Box 3725
Adelanto, Ca. 92301


MR MICHAEL RIVERA-DELGADO #78843-112
FCI VICTORVILLE MEDIUM - I
AL-2D3
P.O. BOX 3725
ADELANTO, CA. 92301
CIVIL INT
CERTIFIED MAIL
7020 2450 0000 6490 3314
Ronald Reagan Federal Building
U.S. Court House
411 West Fourth Street, Room #1-053
Santa Ana. Ca 92701
RECEIVED
CLERK, U.S. DISTRICT COURT
OCT 23 2023
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION BY DEPUTY
"Legal & Confidential Mail"
"Legal & Confidential Mail"